# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN WATERWAYS OPERATORS,<br><br>                        Plaintiff,<br><br>     v.<br><br>ANDREW WHEELER, in his official capacity as Administrator, U.S. Environmental Protection Agency, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>                        Defendants. | Case No.: 18-2933 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, IN OPPOSITION TO DEFENDANT-INTERVENORS' CROSS-MOTION FOR SUMMARY JUDGMENT, AND IN PARTIAL SUPPORT OF DEFENDANT EPA'S CROSS-MOTION FOR RECONSIDERATION OF REMAND**

Plaintiff[1] respectfully submits this supplemental briefing as requested by the Court during its November 13, 2020 hearing.

### I.    Partial Vacatur

This Court has the authority to vacate the Determination to the extent it finds such Determination was arbitrary, capricious, or inconsistent with law.[2] In so doing, district courts are

---

[1] This brief uses the same defined terminology as the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, ECF No. 46.

[2] Both "the Supreme Court and the D.C. Circuit Court have held that remand, along with vacatur, is the presumptively appropriate remedy for a violation of the APA." *Sierra Club v. Van Antwerp*, 719 F. Supp. 2d 77, 78 (D.D.C. 2010) (citations omitted); *see also Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Nat'l Lab. Rels. Bd.*, No. 20-CV-0675 (KBJ), 2020 WL 3605656, at *6 (D.D.C. July 1, 2020) (where an agency violated its arbitrary-and-capricious mandate, "it is the court's obligation to declare that the challenged rule is procedurally unlawful, and to vacate the agency's action under section 706(2)(A) of the APA" (citing *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1904–05 (2020))).

1

invested with "large discretion . . . to model their judgments to fit the exigencies of the particular case." *Reporters Comm. for Freedom of Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 1075 n.28 (D.C. Cir. 1978) (quoting *Int'l Salt Co. v. United States*, 332 U.S. 392, 400–01 (1947), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006)). Plaintiff explained in its summary judgment briefing the fundamental deficiencies in EPA's action that warrant vacatur of the Determination in full.

This Court also has the authority under its broad remedial discretion to tailor its vacatur order to provide meaningful relief to those for whom vacatur will not result in disruption and who are harmed by the continued application of EPA's admittedly improper Determination, while also minimizing disruption to the extent the Determination is valid or has not been challenged.

Partial vacatur of arbitrary and capricious agency action upon remand is a standard remedy employed within this circuit. *See, e.g.*, *Mexichem Fluor, Inc. v. EPA*, 866 F.3d 451, 454 (D.C. Cir. 2017); *Transmission Agency of N. Cal. v. FERC*, 495 F.3d 663, 666 (D.C. Cir. 2007); *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. Chao*, 409 F.3d 377, 391 (D.C. Cir. 2005). This includes partial vacatur as to an adversely affected industry or region, while allowing the rest of the agency action to stand as to other industries or regions. In a case similar to this one, the Occupational Safety and Health Administration ("OSHA") promulgated regulations setting a standard for permissible exposure to airborne lead in the workplace, which required determining that the standard was feasible to implement. *Am. Iron & Steel Inst. v. OSHA*, 939 F.2d 975, 979 (D.C. Cir. 1991). The D.C. Circuit found that OSHA's finding of economic feasibility with respect to the brass and bronze ingot industry was arbitrary and capricious, vacated that finding, and maintained a stay of the rule as to that industry, while leaving OSHA's remaining findings on technological and economic feasibility for all other industries in place. *Id.* at 1010. *See also Nat'l Mar. Safety*

2

*Ass'n v. OSHA*, 649 F.3d 743, 753 (D.C. Cir. 2011) (partially vacating OSHA regulation's inspection requirement for vertical tandem lifts ["VTLs"] specifically as applied to ship-to-shore VTLs, effectively granting relief to affected shipping companies using those VTLs while allowing the rest of the regulation to stand as to those shipping companies using other VTLs).

In another case, the Federal Communications Commission ("FCC") promulgated new cellular radio rules applicable to water-based and land-based licensees. *Petroleum Commc'ns, Inc. v. FCC*, 22 F.3d 1164, 1166 (D.C. Cir. 1994). Water-based licensees argued that the rules "arbitrarily confine[d] the water-based [Gulf of Mexico Service Areas ("GMSAs")] to existing areas of actual reliable service, thus failing to differentiate between water-based and land-based licensees despite the substantially different circumstances faced by waterborne carriers." *Id.* at 1171. The D.C. Circuit concluded that the agency action was arbitrary and capricious and remanded to the FCC "with instructions to vacate [the rule] insofar as it applies to GMSA licensees pending reconsideration." *Id.* at 1173.

The Determination as to whether "adequate facilities for the safe and sanitary removal and treatment of sewage from all vessels are reasonably available," 33 U.S.C. § 1322(f)(3), necessarily requires consideration of different classes of vessels, as recognized by all parties. *See* AR-0000004 (distinguishing between recreational and commercial vessels); Defendant-Intervenors' Joint Opposition to Plaintiff's Motion for Summary Judgment, Cross Motion for Summary Judgment, and Opposition to EPA's Cross Motion for Reconsideration of Remand (ECF No. 52) at 17 (discussing specific needs for commercial vessels). A remedy of partial vacatur as to certain affected vessel classes would be consistent with that approach.

**II.     Agency Authority on Remand**

The D.C. Circuit recognizes that, on remand, an agency may cure additional issues raised by petitioners that are not explicitly made subject to the remand. *See, e.g.*, *Int'l Union, United*

3

308261094.7

*Auto., Aerospace & Agr. Implement Workers of Am., UAW v. OSHA*, 938 F.2d 1310, 1324 (D.C. Cir. 1991) (declining to rule on certain of petitioners' objections to procedural defects, "[a]s remand will presumably lead to further explanation on these issues").

Additionally, agencies have considered and implemented additional revisions to regulations while on remand from a court. For example, the D.C. Circuit remanded an OSHA rule establishing asbestos standards after finding it acted arbitrarily and capriciously with respect to certain issues. *See Bldg. & Const. Trades Dep't, AFL-CIO v. Brock*, 838 F.2d 1258 (D.C. Cir. 1988), *enforcement granted in part sub nom. Bldg. & Const. Trades Dep't AFL-CIO v. Dole*, No. 86-1359, 1989 WL 418934 (D.C. Cir. Oct. 30, 1989). OSHA ultimately promulgated three regulations in response to the remand,[3] as well as "adopting, rejecting, and changing" "addition[al], new, different and expanded provisions" that were not originally remanded by the Court.[4] Occupational Exposure to Asbestos, 59 Fed. Reg. 40964, 40967 (Aug. 10, 1994). This is simply an application of the general principle that "[a]gencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016).

**III.   Conclusion**

While Plaintiff believes this Court should remand and vacate the entire Determination for the reasons set forth in Plaintiff's summary judgment briefing, the Court also has the authority to remand the Determination (based on EPA's motion for remand[5] or the grounds set forth in

---

[3] *See* Occupational Exposure to Asbestos, Tremolite, Anthophyllite and Actinolite, 54 Fed. Reg. 52024 (Dec. 20, 1989); Occupational Exposure to Asbestos, 55 Fed. Reg. 3724 (Feb. 5, 1990); 59 Fed. Reg. 40964.

[4] The original regulation was remanded without vacatur, and OSHA took six years after remand to promulgate the last rule addressing the Court's issues. *See* 59 Fed. Reg. 40964.

[5] *But see Keltner v. United States*, 148 Fed. Cl. 552, 566 (2020) (refusing to grant government's voluntary motion for remand where "the record [was] sufficiently ripe for judicial review" and expressing concern that "the courts would then be bound to grant those motions [for voluntary

4

Plaintiff's summary judgment briefing) and vacate it only as to those classes of vessels harmed by the defective EPA analysis and subject to disruption and prejudice from the Determination remaining in place, which include "[t]ug boats, commercial fishing vessels, [and] small commercial passenger vessels," defined in Wash. Admin. Code § 173-228-050 <u>as of the date of the Court's order</u>.  A proposed order is attached.

Dated: November 18, 2020

Respectfully submitted,

K&L GATES LLP

/s/ Barry M. Hartman
Barry M. Hartman (D.C. Bar No. 291617)
Theodore L. Kornobis (D.C. Bar No. 997236)
1601 K Street, N.W.
Washington, D.C. 20006-1600
T:     202.778.9000
F:     202.778.9100
barry.hartman@klgates.com
ted.kornobis@klgates.com

Laura A. Musselman (D.C. Bar No. 1029446)
134 Meeting Street, Suite 500
Charleston, SC 29401
T:     843.579.5600
F:     843.579.5601
laura.musselman@klgates.com

*Attorneys for Plaintiff*

---

remand], perhaps repeatedly—and without regard to the interests of finality—until the agency had carefully crafted its decision to avoid a party's legal arguments and potentially withstand judicial review").

5

308261094.7

## **CERTIFICATE OF SERVICE**

I certify that on November 18, 2020, I filed the foregoing document with the Court's CM/ECF system, which will send notice to counsel of record for all parties.

*/s/ Barry M. Hartman*
Barry M. Hartman

308261094.7